**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROGER STOKES,
               Plaintiff,

v.                                             No. 03-CV-1402
                                                      (LEK/DRH)

GLENN S. GOORD, Commissioner; DONALD
SELSKY, Director Special Housing; ROY A.
GIRDICH, Superintendent; MR. D. McCOMSEY,
Correctional Officer; ROGER W. WRIGHT,
Lieutenant; R. RICHARDS, Correctional
Officer; and R. KRAMER, Sergeant,

               Defendants.

---

**APPEARANCES:**                          **OF COUNSEL:**

ROGER STOKES
89-A-3433
Upstate Correctional Facility
Post Office Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ANDREW M. CUOMO           JEFFREY P. MANS, ESQ.
Attorney General for the               Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Roger Stokes ("Stokes"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that defendants[2], seven DOCS employees, violated his constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 91). Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 95. Stokes opposes the motion. Docket Nos. 97, 98. For the following reasons, it is recommended that defendants' motion be denied.

## I. Background

The facts are related herein in the light most favorable to Stokes as the non-moving party. See subsection II(A) infra. The facts and procedural history of this case are set forth in the Report-Recommendation and Order filed July 21, 2007, familiarity with which is assumed. See Docket No. 85; Docket No. 89. As relevant here, defendants' earlier motion to dismiss was granted in its entirety but allowed Stokes an opportunity to file another amended complaint to assert an Eighth Amendment claim for excessive force and failure to intervene in the use of that force. Docket No. 89. Stokes then filed an amended complaint asserting that claim. Docket No. 91. That amended complaint alleges that on March 17, 2003 at Upstate Correctional Facility, defendant Wright ordered defendant Richards to strike Stokes, Stokes was then struck repeatedly on the forearm, defendant Kramer was present but failed to intervene to stop the assault, and defendants Goord, Selsky, and

---

[2]In his amended complaint, Stokes alleges that Donald Selsky, Glenn Goord, and Roy Girdich all "failed to protect [him] after [he] had written numerous letters . . . to them concerning [defendants'] misconduct . . . ." Am. Compl. at ¶ 12. These defendants were dismissed from the previous action because Stokes' prior claims lacked merit and these defendants were entitled to qualified immunity based upon the prior claims. The claims against these three defendants in this amended complaint have not yet been resolved and, therefore, these defendants are reinstated to the action.

Girdich were notified of the matter on numerous occasions but failed to act.  Am. Compl. This motion followed.

## II.  Discussion

Defendants move to dismiss the new amended complaint on the ground that Stokes' claims do not relate back to the original complaint and, thus, are time-barred.

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, "a 'complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Gilfus v. Adessa, No. 5:04-CV-1368 (HGM/DEP), 2006 WL 2827132, at *3 (N.D.N.Y. 2006) (citing De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996) (internal quotations omitted)).  Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471,

3

477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted).

### B. Relation Back

"[A] party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, when the three-year statute of limitations for a §1983 claim has expired, the only way to add additional parties to a claim is if the amended pleading "relates back" to the original complaint. See, e.g., Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996). An amended pleading relates back to the original complaint when:

> (1) the claim arises out of the same conduct originally pleaded and (2) within (ordinarily) 120 days of the original filing date, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

See, e.g., Id. (citing Fed. R. Civ. P. 15(c)(2)-(3)).

"Notice of a lawsuit can be imputed to a new defendant state official through his

4

attorney, when the attorney also represents the officials originally sued . . . [if] the attorney knew or should have known that the additional defendant would be added to the existing suit." Byrd v. Abate, 964 F. Supp. 140, 146 (S.D.N.Y. 1997); see also Gleason v. McBride, 869 F.2d 688, 693 (2d Cir. 1989).  Additionally, adding a defendant based upon a mistake will "relate back to the original complaint . . . if the change is the result of an error . . ." such as a legal or factual mistake and not "because the plaintiff did not know [the newly added defendants'] identities." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir.1995), modified, 74 F.3d 1366 (2d Cir.1995) (denying relation back to a plaintiff claiming mistake because he ignored the Court's express orders to discover the identity of defendants, addressing them instead as "John Does"); see also Soto, 80 F.3d at 37 (allowing plaintiff to name additional defendants because his failure to initially name the parties was not based on conscious thought but his ignorance "as to the technicalities of constitutional tort law"); Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994) (denying relation back based upon mistake due to plaintiff's conscious choice to fail specifically to name defendants in her complaint despite "her obvious knowledge [of defendants] and the detailed nature of [a] pleading's exhibit . . . .").

In this case, the newest amended complaint clearly arises out of conduct asserted in the original complaint.  The events giving rise to the new amended complaint were asserted in Stokes' prior amended complaint, although not as a discrete claim.  See Am. Compl. (Docket No. 7) at ¶ 80. The events in the new amended complaint also occurred at the same facility.  Thus, the facts underlying the claims in the newest amended complaint were sufficiently alleged in the prior pleading.

Additionally, all newly named defendants (Wright, Richards, and Kramer) had notice of

5

the lawsuit by imputation. All defendants have been and are currently represented by the same Assistant Attorney General. Because their attorney is aware that pro se prisoner complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest," he knew or should have known that an additional claim for excessive force and failure to intervene was suggested by Stokes in the prior complaint. Triestman, 470 F.3d at 474-75. Additionally, defendants' attorney was able to identify all potential defendants for the claim because Wright and Richards were specifically identified in the prior complaint, McComsey was a named defendant and submitted an affidavit and the logbook entries from March 17, 2003; and Kramer was named as the supervising Sergeant in the logbook entry on March 17, 2003. See Am. Compl. (Docket No. 7) at ¶ 80; McComsey Aff. (Docket No. 79, attachment 22) at ¶ 8; Ex. A (Docket No. 79, attachment 23); Docket No. 79, attachment 18.

It is also worth noting that defendants' attorney submitted the McComsey affidavit and logbook entries as defense exhibits. Therefore, it is apparent that he would have intimate knowledge of the contents therein. Nevertheless, defendants offer a conclusory allegation that because discovery has concluded, they would be prejudiced in defending the newest amended complaint. However, defendants fail to proffer any specific information that must be generated through discovery to defend the claim properly. Thus, defendants should not be prejudiced in defending the new claims since the claims and potential defendants were apparent from the filing of the earlier amended complaint.

Finally, the mistake resulting in the amended complaint and additional defendants was genuine. Like Soto, the present mistake was due to Stokes' ignorance of constitutional law and the rules of federal procedure. Stokes continually asserts that he "did not know

[defendants] could be helded [sic] liable for the alleged March 17, 2003 incident" and he "was not aware that he could file a complaint or name [defendants] at the time he filed his second amended complaint . . . ."  Docket No. 97 at FC-2; see also Docket No. 98, attachment 2 at FG-2; Docket No. 98, attachment 3 at FG-2.  It does not appear that this omission was due to Stokes' intentional action or conscious choice.  Therefore, the mistake is not fatal to the assertion that the claims in the newest amended complaint relates back to the prior complaint.

Accordingly, defendants' motion on these grounds should be denied.

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 95) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  December 27, 2007
       Albany, New York

*David R. Homer*
United States Magistrate Judge