UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROGER STOKES,

                        Plaintiff,

                                                                    Civil Case No. 9:03-CV-1402
v.                                                                         (GTS/DRH)

GLENN S. GOORD, Commissioner; DONALD
SELSKY, Director Special Housing; ROY A.
GIRDICH, Superintendent; MR. D. McCOMSEY,
Correctional Officer; ROGER W. WRIGHT,
Lieutenant; R. RICHARDS, Correctional Officer;
and R. KRAMER, Sergeant,

                        Defendants.
_____

APPEARANCES:                                                   OF COUNSEL:

ROGER STOKES, 89-A-3433
  Plaintiff, *Pro Se*
Upstate Correctional Facility
309 Bare Hill Road
Malone, NY 12953

HON. ANDREW M. CUOMO                         CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court in this *pro se* prisoner civil rights action are Defendants'

motion for partial summary judgment (Dkt. No. 120), United States Magistrate Judge David R.

Homer's Report-Recommendation (Dkt. No. 126), and Plaintiff's Objection to the Report-

Recommendation (Dkt. No. 128).  For the reasons set forth below, the Report-Recommendation

is accepted and adopted as modified, and Defendants' motion is granted.

## I.     RELEVANT BACKGROUND

On November 20, 2003, Plaintiff filed this action, asserting a variety of constitutional claims against twenty-two (22) employees of the New York State Department of Correctional Services ("DOCS"). (Dkt. No. 1) On December 9, 2003, United States District Judge Lawrence E. Kahn required Plaintiff to file an Amended Complaint. (Dkt. No. 4) On February 26, 2004, Plaintiff filed an Amended Complaint. (Dkt. No. 7) On May 15, 2006, Defendants filed a motion for summary judgment, requesting the dismissal of that Amended Complaint. (Dkt. No. 79) On March 30, 2007, Judge Kahn dismissed *all* of the claims asserted in Plaintiff's Amended Complaint, and granted him leave to file a Second Amended Complaint that asserted *only* two Eighth Amendment claims: (1) an excessive force claim regarding an incident that occurred on March 17, 2003; and (2) a failure-to-intervene claim regarding the incident that occurred on March 17, 2003. (Dkt. No. 89, *adopting* Dkt. No. 85, at 5-16).

On April 30, 2007, Plaintiff filed a Second Amended Complaint. (Dkt. No. 91). In his Second Amended Complaint, Plaintiff stated an actionable Eighth Amendment excessive force claim against Defendants Wright, McComsey, Richards and Kramer, regarding the incident that occurred on March 17, 2003. (*Id.*) However, among the other claims asserted in his Second Amended Complaint were the following: (1) an Eighth Amendment claim against Defendant McComsey for ordering Plaintiff to drink from a dirty coffee cup; and (2) an Eighth Amendment claim against Defendants Good, Selsky and Girdich regarding their "failure to protect Plaintiff after [he] had written numerous letters in the past to them concerning C.O. McComsey and others' misconduct against [Plaintiff arising from an] alleged incident in the past at Southport

2

Correctional Facility where Plaintiff was accused of [a] throwing incident back[] in February 1997." (*Id*.)

As a result, on June 4, 2007, Judge Kahn accepted Plaintiff's Second Amended Complaint for filing, but dismissed, *inter alia*, the above-described two claims. (Dkt. No. 94) In dismissing the coffee-cup claim, Judge Kahn explained that "Plaintiff was only permitted to submit [a second] amended complaint alleging claims for excessive force and failure to intervene [regarding the incident that occurred on March 17, 2003]." (*Id*. at 2) In dismissing the failure-to-intervene claim against Defendants Good, Selsky and Girdich, Judge Kahn explained that the claim, as articulated by Plaintiff in his Second Amended Complaint, had not been contemplated or permitted by his Decision and Order of March 30, 2007. (*Id*. at 3) Remaining in the case, after Judge Kahn's Decision and Order of June 4, 2007, was an excessive force claim against Defendants Wright, McComsey, Richards and Kramer regarding an incident that occurred on March 17, 2003. (*Id*. at 4-6)

On December 27, 2007, Magistrate Judge Homer issued a Report-Recommendation recommending that the Court deny Defendant McComsey's motion to dismiss for failure to state a claim. (Dkt. No. 99.) In his Report-Recommendation, he also stated that, because "[Plaintiff's failure-to-intervene] claims against [Defendants Good, Selsky and Girdich] in [his] [second] amended complaint have not yet been resolved ..., these defendants are reinstated to the action." (Dkt. No. 99, at 2, n.2.) On January 30, 2008, Judge Kahn adopted Magistrate Judge Homer's Report-Recommendation. (Dkt. No. 102)

On July 29, 2008, Defendants moved for partial summary judgment. (Dkt. No. 120) In their motion, Defendants assumed that among the claims still pending in the case were the

following: (1) Plaintiff's Eighth Amendment claim against Defendant McComsey for ordering Plaintiff to drink from a dirty coffee cup; and (2) Plaintiff's failure-to-intervene claim against Defendants Good, McComsey, Selsky and Girdich. (Dkt. No. 120, Part 6, at 1) As a result, they requested the dismissal of these claims. (*Id*. at 4-7) On October 14, 2008, Plaintiff filed a response to Defendants' motion. (Dkt. No. 125)

On January 26, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendants' motion be granted. (Dkt. No. 126) Generally, familiarity with the grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order. The Court would only highlight two aspects of the Report-Recommendation. First, Magistrate Judge Homer's Report-Recommendation treats Plaintiff's failure-to-intervene claim against Defendants Good, McComsey, Selsky and Girdich as still pending in the case. (*Id*. at 1, n.1) Second, Judge Homer recommends that Defendant Wright be dismissed from the action, without prejudice, because Defendant Wright has not been served with process, and the time in which to do so has expired in accordance with Fed. R. Civ. P. 4(m) and N.D.N.Y. L.R. 4.1(b). (*Id*. at 2, 10, 11 & n.2)

On February 6, 2009, Plaintiff filed timely Objections to the Report-Recommendation. (Dkt. No. 128.) On February 9, 2009, Defendants filed a response to Plaintiff's Objections. (Dkt. No. 129.)

On February 10, 2009, William M. Gonzalez, Deputy Counsel to DOCS, sent a letter to the Clerk's Office, advising it that "Mr. Roger Wright has designated Counsel's Office as his business address for service of process in this lawsuit. Service of process for this individual may be completed by sending the necessary documents to me at the above address." (Dkt. No. 130, at

4

2) On February 18, 2009, the United States Marshal's Service notified Plaintiff that it would "need an updated summons to serve [Defendant Wright]." (Dkt. No. 130, at 1) On February 25, 2009, the Clerk's Office reissued a Summons to Defendant Wright. (Dkt. No. 131) As a result, it would appear that service upon Defendant Wright is forthcoming.

## II.     ANALYSIS

For the sake of brevity, the Court will not recite the well-known legal standard of *de novo* review that governs the review of a magistrate judge's report-recommendation to which a party has made an objection, pursuant to 28 U.S.C. § 636(b)(1)(C). Rather, the Court will merely refer the parties to its decision in *Vigliotti v. Daly*, 05-CV-1320, 2008 WL 5423453, at *1 (N.D.N.Y. Dec. 30, 2008) (Suddaby, J.).

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation and Plaintiff's Objections thereto, the Court rejects each of Plaintiff's Objections, and finds no error in the Report-Recommendation. (*See* Dkt. No. 128) Magistrate Judge Homer's Report-Recommendation correctly states the applicable legal standards, accurately cites the undisputed material facts of this action, and properly applies the law to those facts. (*See* Dkt. No. 126)

The Court would add only two points. First, it initially appeared somewhat unclear to the undersigned that the two claims at issue in Defendants' motion are still pending before the Court, in light of the background events discussed above in Part I of this Decision and Order. However, the undersigned is mindful that (1) he did not participate in the complex (and thorough) legal analysis presented in the four dispositive Orders (and two Report-Recommendations) that have been previously issued in this case, and (2) Judge Kahn adopted Magistrate Judge Homer's

Report-Recommendation observing that Plaintiff's failure-to-intervene claims against Defendants Good, Selsky and Girdich in his Second Amended Complaint had not yet been resolved (and were therefore still pending before the Court). (*See* Dkt. Nos. 4, 85, 89, 94, 99, 102) Because of these facts, and the fact that Plaintiff never objected to the Court's reaching the merits of the claims at issue on Defendants' motion for partial summary judgment, the undersigned concludes the claims at issue are still pending before the Court, and it therefore dismisses those claims with prejudice.

Second, when Magistrate Judge Homer issued his Report-Recommendation, he did not have the benefit of the DOCS Deputy Counsel's letter indicating that his office would accept service of process on behalf of Defendant Wright. The Court imagines that, had Judge Homer received that letter, he would *not* have recommended that Plaintiff's claims against Defendant Wright be dismissed from the action, without prejudice, for failure to serve. As a result, the Court treats that portion of Judge Homer's Report-Recommendation as modified by the intervening event of the Court's receipt of the Deputy Counsel's letter of February 10, 2009.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 126) is **ACCEPTED** and **ADOPTED as modified;** and it is further

**ORDERED** that Defendants McComsey, Richards and Kramer's motion for summary judgment as to the Eighth Amendment claim regarding the dirty cup is **GRANTED**; and this cause of action is **DISMISSED**; and it is further

**ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 120) is **GRANTED**, and all of Plaintiff's claims against Defendants Goord, Selsky, and Girdich are

**DISMISSED** **with prejudice**.  The only remaining cause of action is Plaintiff's Eighth Amendment claim of excessive force against Defendants McComsey, Richards, Kramer and Wright (after he is served with process) regarding the incident that occurred on March 17, 2003.

Dated: March 10, 2009
         Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge